IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FRANCHOT B. TAYLOR,
#K-02324,

        Petitioner,

vs.                              Case No. 13-cv-00350-DRH

LT. HAWKINS,
RANDY DAVIS,
BEAU HARTLINE,
BRENT CAMPBELL,
GINA ALLEN, and
Jackie miller,

        Respondents.

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner Franchot B. Taylor, currently incarcerated in the Big Muddy River Correctional Center ("Big Muddy"), brings this habeas corpus action pursuant to 28 U.S.C. § 2254, after paying the required $5.00 filing fee.

Petitioner was placed in segregation for a day in February 2013, after which he discovered that his personal property had vanished. According to petitioner Taylor, there is a conspiracy and theft ring among guards and administrators at Big Muddy that deprives inmates of their property without due process of law, in violation of the Fourteenth Amendment. In addition, petitioner complains that he was again denied due process when he told one of the respondents, Major Campbell, that he could not return to general population from segregation due to

threats from another inmate, Campbell warned Petitioner that refusing housing would result in placement in segregation, loss of good time credits and a demotion in grade. After petitioner complained about the aforementioned issues, he claims that his family has faced unspecified retaliation in violation of the First Amendment—apparently by individuals outside of prison who are affiliated with the inmate who threatened petitioner. Petitioner seeks compensatory damages, and the criminal prosecution of those involved in the conspiracy and theft ring.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Without commenting on the merits of petitioner's claims, it is well-established that a habeas corpus petition is used to challenge the fact or duration of a prisoner's confinement, and challenges to the prisoner's conditions of confinement must be brought in an action under 42 U.S.C. § 1983 or other federal statute, <u>not</u> a petition for habeas corpus. *See Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004); *Bunn v. Conley,* 309 F.3d 1002, 1007 (7th Cir. 2002); *Moran v. Sondalle,* 218 F.3d 647, 650-51 (7th Cir. 2000). Therefore, Taylor may not use this Section 2254 petition to redress his grievances.

Insofar as Petitioner Taylor contends Major Campbell warned him that refusing housing would result in placement in segregation, loss of good time

credits and a demotion in grade, that warning does not mean that those penalties were actually imposed; therefore Section 2254 is not implicated.

**IT IS THEREFORE ORDERED** that petitioner Franchot B. Taylor's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** without prejudice. All pending motions shall be deemed moot.

Should petitioner desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the court of appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that petitioner has not stated any grounds for relief pursuant to 28 U.S.C. § 2254. Furthermore,

the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

Petitioner is **ADVISED** that if he elects to file a civil rights action pursuant to 42 U.S.C. § 1983, he should first exhaust available administrative remedies, and the Court's form complaint should be used. A $400.00 filing fee (effective May 1, 2013) will also be applicable. The Clerk of Court shall send petitioner a copy of the *Pro Se* Litigant Guide and a Section 1983 complaint form.

**IT IS SO ORDERED.**

**DATED: April 29, 2013**

**Chief Judge**
**United States District Court**